FILED
2007 Jan-22 AM 11:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **YUSHONDA Y. MILLIGAN,** ) | |
| **ELIZABETH A. MEADOWS,** ) | |
| **and DALE CASE ACKER,** *et al.*, ) | |
| on behalf of themselves and all ) | |
| those similarly situated, ) | Civil Action Number |
| ) | **7:06-cv-00809-UWC** |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| **COMCAST CORPORATION,** ) | |
| **COMCAST CABLE** ) | |
| **COMMUNICATIONS, LLC,** ) | |
| **COMCAST CABLE** ) | |
| **COMMUNICATIONS** ) | |
| **HOLDING INC., COMCAST** ) | |
| **MO GROUP, INC., COMCAST** ) | |
| **CABLE HOLDINGS, LLC AND** ) | |
| **COMCAST MO OF** ) | |
| **DELAWARE, LLC.** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION GRANTING DEFENDANTS'
MOTIONS TO COMPEL ARBITRATION AND STAY LITIGATION AND
DENYING DEFENDANTS' MOTION TO DISMISS**

Presently before the Court is Defendants' Motion to Compel Arbitration and

Stay Litigation, (Doc. 7), Defendants' Motion to Compel Arbitration and Stay

Litigation and Strike Plaintiffs' Amended Complaint[1], (Doc. 26), Defendants' Motion

---

[1] The Court previously denied this motion in part, denying Defendants' Motion to Strike Plaintiffs' Amended Complaint. (Doc. 30.)

to Dismiss, (Doc. 31), and Defendants' Motion to Compel Arbitration and Stay Litigation of Plaintiffs Carolyn R. Haack, Senior Scott, and David Moyer (Doc. 32).

Based on the facts presently before the Court, Defendants' Motions to Compel Arbitration are due to be GRANTED. However, Defendants' Motion to Dismiss is due to be DENIED.

## FACTUAL BACKGROUND

Plaintiffs Yushonda Y. Milligan, Elizabeth A. Meadows, and Dale Casey Acker ("Plaintiffs") originally filed suit against Defendants Comcast Corporation, Comcast Cable Communications, LLC, Comcast Cable Communications Holdings, Inc., Comcast MO Group, Inc., Comcast Cable Holdings, LLC, and Comcast MO of Delaware, LLC ("Defendants"). Plaintiffs subsequently filed an amended complaint, (Doc. 18), naming Laura Montgomery, Patrick Moore, Mitzi Seeley, Senior Scott, Carolyn R. Haack, and David Moyer as additional Plaintiffs. Plaintiffs seek certification as a class and assert claims against the defendants based on unjust enrichment, money had and received, breach of contract, fraudulent suppression and concealment, fraud, wantonness, theft by deception, and conspiracy. (Amend. Compl. ¶¶ 26, 39-70.) Plaintiffs seek declaratory and injunctive relief. (*Id.* at ¶ 77.)

Plaintiffs are Comcast cable television subscribers who are charged a monthly fee for "Cableguard." (Compl. ¶ 14, 15.) Cableguard is a service protection plan that covers in-home visits for the diagnosis of video/data reception

problems and the repair of in-home cable wiring. Customers who pay for this service are not charged for repair of these problems when these problems are caused by equipment not owned by Comcast. According to Plaintiffs, Defendants represent that customers who do not pay for Cableguard will not receive this service, but that, in fact, Comcast does not charge any customers for this service. Thus, Plaintiffs allege that Defendants are charging Plaintiffs a fee for which they receive no real benefit.

In May 2004, Defendants mailed each of its Tuscaloosa area subscribers a notice entitled "Arbitration Notice: Important notice regarding your legal rights," as an insert to the monthly cable bill. (Doc. 16, Defs.'s Reply Memo. in Supp. of Mot. to Compel Arbitration at 12; Morse Supp. Decl. ¶ 3; Daniel Aff. ¶¶ 3-6.) Defendants' "Arbitration Notice" begins with the following language in bold in the first paragraph:

> THIS NOTICE CONTAINS AN IMPORTANT CHANGE TO YOUR SUBSCRIBER AGREEMENT WITH COMCAST (THE "AGREEMENT"). PLEASE NOTE THAT THIS CHANGE TO THE AGREEMENT AS SET FORTH BELOW RESTATES AND SUPERSEDES ANY PREEXISTING PROVISION IN THE AGREEMENT CONCERNING ARBITRATION AND TAKES EFFECT THIRTY (30) DAYS AFTER THIS NOTICE WAS MAILED TO YOU (THE "EFFECTIVE DATE") UNLESS YOU EITHER (1) OPT OUT OF ARBITRATION IN THE MANNER INDICATED BELOW OR (2) IMMEDIATELY NOTIFY COMCAST THAT YOU ARE TERMINATING YOUR AGREEMENT. YOUR CONTINUED USE OF COMCAST'S SERVICE AFTER THE EFFECTIVE DATE SHALL BE DEEMED TO BE YOUR ACCEPTANCE OF THIS CHANGE. THIS CHANGE MAY HAVE A SUBSTANTIAL IMPACT ON

THE WAY IN WHICH YOU OR COMCAST WILL RESOLVE
ANY DISPUTE WITH ONE ANOTHER.

(Doc. 8, Ex. A, Morse Decl. at Ex. 4.)

Plaintiffs concede that "Comcast has offered credible evidence that it performed a "mail-out" of Arbitration Notice in the Tuscaloosa area," inferring receipt of that agreement by Plaintiffs Milligan, Meadows, Acker, Scott, Haack, and Moyer. (Doc. 34, Pls.' Opp. to Mot. to Compel at 3.) These Plaintiffs did not opt out of the arbitration agreement and continued to use Comcast's cable services.

However, there are no arbitration agreements between Comcast and the remaining three Plaintiffs Montgomery, Moore, and Seeley.

## APPLICABLE LAW

The Federal Arbitration Act ("FAA"), 9 U.S.C.A. Section 5, governs written contracts involving interstate commerce and provides that arbitration clauses in such contracts are "valid, irrevocable, and enforceable." *South Alabama Pigs, LLC v. Farm Feeders, Inc.*, 305 F.Supp.2d 1252 (M.D. Ala. 2004) (citing 9 U.S.C.A. § 5). The contract in the present dispute is in writing and involves the transmission of cable services, a form of interstate commerce. *See* 47 U.S.C. §151 (stating that the Federal Communications Commission was created for the purpose

of "regulating interstate and foreign commerce in communication by wire and radio"). Thus, the prerequisites of the FAA are satisfied.

The United States Court of Appeals for the Eleventh Circuit applies a two-step inquiry to determine whether an arbitration agreement is enforceable. *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004). First, the Court must determine whether the parties agreed to arbitrate the dispute, because "the FAA's strong proarbitration policy only applies to disputes that the parties have agreed to arbitrate." *Id.* If the Court concludes that the parties have agreed to arbitrate, the second step in the inquiry requires the Court to determine whether "'legal constraints external to the parties' agreement foreclose[...] arbitration.'" *Id.* (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)).

## ANALYSIS

### I. MOTIONS TO COMPEL ARBITRATION

Applying both steps of the Eleventh Circuit's two step inquiry, the Court finds Plaintiffs Milligan, Meadows, Acker, Scott, Haack, and Moyer have entered into arbitration agreements with Comcast and those agreements are valid and enforceable, subject to no legal constraints. Defendants mailed the arbitration agreements as apart of the May 2004 monthly bill and Plaintiffs' failure to opt out of the agreement, created an arbitration agreement.

There is no binding precedent holding that an arbitration agreement may not

be enforced where the effect would prevent a class action. In fact, the Eleventh Circuit has held that class action bars in arbitration agreements are enforceable . *See Randolph v. Green Tree Fin. Corp.*, 244 F.3d 814, 819 (11th Cir. 2001) (holding that an arbitration agreement regarding Truth in Lending Act claims was enforceable even if it precluded the class action mechanism); *Jenkins v. First American*, 400 F.3d 868, 878 (11th Cir. 2005) ("the inclusion of a class action waiver in the Arbitration Agreements did not render those Agreements substantively unconscionable.")

Therefore, Plaintiffs Milligan, Meadows, Acker, Scott, Haack, and Moyer must be compelled to arbitration their claims pursuant to their agreements.

## II. MOTION TO DISMISS

The Court finds that the claims of Plaintiffs Montgomery, Moore, and Seeley's claims are not preempted by federal law and are sufficiently pled in accordance with Federal Rule of Civil Procedure 12(b)(6). *See U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) ("In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief.") (citation omitted). "A district court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Powell v. U.S.*, 945 F.2d 374, 375 (11th Cir. 1991) (citation omitted). Thus, Defendants' Motion

to Dismiss the claims of Plaintiffs Montgomery, Moore, and Seeley, with whom Defendants do not have arbitration agreements, is due to be denied.

## CONCLUSION

By separate order, Defendants' Motions to Compel Arbitration and Stay Litigation of claims of Plaintiffs Milligan, Meadows, Acker, Scott, Haack, and Moyer will be granted; and Defendants' Motion to Dismiss claims of Plaintiffs Montgomery, Moore, and Seeley will be denied.

Done the 22nd day of January, 2007.

_____
U.W. Clemon
United States District Judge