FILED
2008 Feb-13 PM 03:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **PATRICK MOORE; MITZI SEELEY;** ) <br> **BRENDA WYSINGER, and NATHAN** ) <br> **McCURLEY, on behalf of themselves** ) <br> **and others similarly situated,** ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> **COMCAST CORPORATION and** ) <br> **COMCAST CABLE** ) <br> **COMMUNICATIONS, LLC,** ) | Civil Action Number <br> **7:06-cv-0809-UWC** |

**MEMORANDUM OPINION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

In this putative class action, the Defendants Comcast Corporation and Comcast Cable Communications, LLC, ("Comcast") have moved for summary judgment on all of the claims of the named Plaintiffs. Basically, the Plaintiffs claim that Comcast charged them a monthly fee for its in-home cable maintenance service, "Cableguard," but that, unbeknownst to them, Comcast would have provided the same services even if Plaintiffs had not subscribed to Cableguard. In their complaint, Plaintiffs list as their causes of action the Federal Declaratory Judgment Act, unjust enrichment, breach of express and implied contract, fraud, fraudulent suppression, theft by deception, and wantonness.

For the reasons outlined in this Memorandum Opinion, the Court finds and concludes that when the facts and reasonable inferences are viewed most favorably in favor of the Plaintiffs, the Defendants are entitled to judgment as a matter of law on the breach of contract, fraud, theft by deception, and conspiracy claims. But genuine issues of fact or legal barriers preclude summary judgment on the other claims of fraudulent concealment, unjust enrichment, and wantonness.

## I.  The Undisputed Facts

1. Comcast is the nation's larger provider of cable services. It has more than 145 systems or franchise management areas throughout the country.

2. In soliciting subscriptions for Cableguard, the Defendants represent that

> Cableguard is our Service Protection Program that covers in-home visits for the diagnosis of video/data reception problems and the repair of in-home wiring. You may subscribe to this service for a minimum monthly fee. If you choose to waive this optional service protection, you will be charged an hourly fee with a minimum charge of one-half hour for any repair or reception problems that are not caused by Comcast-owned equipment

(Doc. 99, Pls.' Class Cert. Ex. 10.)

3. As a matter of general corporate policy, Comcast does not charge its customers for service or "trouble" calls, whether or not Cableguard fees are billed to the customer. Between 2003 and 2006, Comcast collected almost $70 million in

Cableguard fees in systems where it did not charge non-Cableguard subscribers for a single trouble call. Comcast's documents confirm its knowledge that, in most of its service areas and regions, it does not charge non-Cableguard subscribers for trouble calls.

4. Each of the Plaintiffs has been charged Cableguard. All of them are located in Comcast's Central Alabama System, which includes franchises in the areas of Tuscaloosa and Gadsden, Alabama.

5. None of the Plaintiffs have been charged for "trouble calls" while their Cableguard subscriptions were effective.

## II. The Applicable Law and Analysis

### A. Standing

The Defendants contend that Plaintiffs Seeley and Moore lack standing to pursue their claims in this Court because Seeley's employer paid her Cableguard fees and both she and Moore terminated their Cableguard contract when this lawsuit was filed.

To maintain an action in the federal courts, a plaintiff must have standing. The standing requirement is met if:

a) the plaintiff has personally suffered an injury;

b) the injury is fairly traceable to the defendant's conduct; and

c) a favorable court decision will likely redress the injury.

*See Koziara v. City of Casselberry,* 392 F.3d 1302, 1304 (11th Cir. 2004); *Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1353 (11th Cir. 2003).

The evidence is in dispute as to whether Ms. Seeley or her employer actually paid for the Cableguard services. At some points in her deposition testimony, she says that her employer paid for everything except the Internet and premium channel fees. (Doc. 96, Defs.' Ex. 5, Seeley Dep. at 50-51.) But she states unequivocally that in 2004, when she changed employers, she began paying for Cableguard. (*Id*. at 46-47.)

Since the disputed facts must be resolved in favor of the party opposed to summary judgment, Seeley paid the Cableguard fees for purposes of this motion.

Comcast's argument that Seeley and Moore lack standing because they no longer pay the contested fees simply does not hold water. Without doubt, within the applicable period of limitations, these Plaintiffs have paid Cableguard fees, the fees were charged by and paid to Comcast, and if the fees were unlawful, this Court is empowered to provide a remedy. Nothing more is required for standing.

In short, Comcast's standing arguments have no foundation.

## B. The Federal Declaratory Judgment Act

Plaintiffs' first cause of action is brought under the Federal Declaratory

Judgment Act, 28 U.S.C. §§ 2201, 2202 ("FDJA")[1] and Federal Rule of Civil Procedure 57.[2]

The literal words of the FDJA are contrary to Comcast's position that the Plaintiffs may not pursue their claims under this statute. It is not necessary to reach the issue of whether, in the absence of any independent cause of action, a party may proceed under the FDJA, because the Court concludes that several of the claims

---

[1] These statutes provide, in relevant part:

### § 2201. Creation of remedy

(a) In case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. . . .

### § 2202. Further relief

Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and haring, against any adverse party whose rights have been determined by such judgment.

[2] **Rule 57.   Declaratory Judgments**

The procedure for obtaining a declaratory judgment pursuant to Title 28, U.S.C., § 2201, shall be in accordance with those rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39. The existence of another remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The court may order a speedy hearing of an action for declaratory judgment and may advance it on the calendar.

asserted by Plaintiffs will go forward.

The Court finds rather puzzling Comcast's argument that the Plaintiffs are not entitled to injunctive or declaratory relief even if the Cableguard fees are found to be unlawful.

In any event, the Plaintiffs have a perfect legal right to seek the appropriate relief under the FDJA.  Defendants are clearly not entitled to summary judgment on said claim.

### C. Money Had and Received, Quasi-Contract, and Unjust Enrichment

Plaintiffs assert three claims that are essentially the same: money had and received, quasi-contract and unjust enrichment. *See, e.g., Birmingham Broadcasting Co. v. Bell,* 68 So. 2d 314, 319, 320 (Ala. 1953);  *Welch v. Montgomery Eye Physicians, P.C.*, 891 So. 2d 842, 837 (Ala. 2004) (treating quasi-contract claim as an unjust enrichment claim); *State Farm Fire & Cas. Co. v. Evans*, 956 So. 2d 390, 400 (Ala. 2006) (treating unjust enrichment claims and money had and received claims collectively).  For purposes of this case, they will be merged into a single claim of unjust enrichment.

Under Alabama law, "[t]he doctrine of unjust enrichment is an old equitable remedy permitting the court in equity and good conscience to disallow one to be

unjustly enriched at the expense of another." *Scrushy v. Tucker,* 955 So. 2d 988, 1011 (Ala. 2006) (emphasis in original) (citations omitted). "To prevail on a claim of unjust enrichment, [Plaintiffs] must show that the defendant holds money which, in equity and good conscience, belongs to the plaintiff **or** holds money which was improperly paid to defendant because of mistake or fraud." *Id*. (emphasis added) (citations omitted).

The Court rejects Comcast's argument that Plaintiffs must prove that the money was paid by mistake or fraud. *See Foshee v. General Telephone Co.,* 322 So. 2d 715, 717 (Ala. 1975) (explaining the essence of an unjust enrichment claim is that defendant is legally or equitably obligated to pay complainant a liquidated sum of money); *Avis Rent-A-Car Systems, Inc. v. Heilum*, 876 So. 2d 812, 817 (Ala. 2000).[3] Proof of the claim may be in the disjunctive. Likewise, the Court rejects Comcast's

---

[3] Comcast's relies, to no avail, on *Voyager Ins. Co. v. Whitson*, 867 So. 2d 1065 (Ala. 2003) and *Funliner of Ala., L.L.C. v. Pickard*, 873 So. 2d 198 (Ala. 2003). In *Voyager,* the court specifically noted that the plaintiffs asserted their fraud claims based on mistake of fact. 867 So. 2d at 1074-75.

In *Funliner*, the Alabama Supreme Court noted that an unjust enrichment claim may proceed by a showing of mistake/fraud or a showing that defendants held money that in good faith belongs to plaintiffs. 873 So. 2d at 211. The Court then proceeded to note that the Plaintiffs, in that case, were obligated to establish fraud or mistake. *Id*. (emphasis added). At no point does the Court express or imply that evidence of mistake/fraud is necessary to proceed on every unjust enrichment claim.

argument that the "voluntary payment" doctrine bars the unjust enrichment claim.[4]

### D. Breach of Contract

Defendants argue that they are entitled to judgment as a matter of law on Plaintiffs' breach of contract claims, based on the undisputed facts.

#### 1. Breach of Express Contract

"A contract is a promise or a set of promises for the breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty." Restatement (Second) Contracts, § 3.  A contract requires a "meeting of the minds" of the parties.  The elements of a breach of contract claim are well known to a first-year law student by the end of the first semester:

a) the existence of a contract;

b) performance of the contract by one of the parties,

c) failure to perform, i.e., breach of the contract by the adverse party; and

d) damages owed to the performing party attributable to the breach.

---

[4] "[W]here one party, with full knowledge of all the facts, voluntarily pays money to satisfy the colorable legal demand of another," the "voluntary payment" doctrine bars a subsequent action by the first party under Alabama law. *Mt. Airy Ins. Co. v. Doe Law Firm,* 668 So. 2d 534, 537 (Ala. 1995).

Here, there is overwhelming evidence that the Plaintiffs lacked "full knowledge" of the fact that Comcast failed to charge non-Cableguard subscribers for trouble calls or that Comcast had a "colorable legal demand" for the Cableguard fees.

It is clear that Comcast is entitled to summary judgment on the breach of contract claims, since it has not breached the contracts with the Plaintiffs. It has fulfilled its contractual obligation *not* to charge them for trouble calls while the Cableguard charge was in effect.

### 2. Breach of Implied Contract

Apparently recognizing the slender reed on which they rest their breach of express contract claims, Plaintiffs argue alternatively that Comcast has breached implied contracts. According to Plaintiffs, there was an implied contractual agreement that Comcast would charge non-Cableguard customers for service calls.

Under Alabama law:

> [a]n implied contract arises where there are circumstances which, according to the ordinary course of dealing and common understanding, show a <u>mutual intent to contract</u>. Such a contract must contain all the elements of an express contract, which rests on consent, and is to every intent and purpose an agreement between the parties . . . .
>
> An implied-in-fact contract may be found from circumstances showing that a mutual agreement had been reached.

*First Ala. Bank v. Prudential Life Ins. Co.*, 619 So. 2d 1313, 1318 (Ala. 1993) (emphasis added) (citations and internal quotations omitted).

Because there was no "mutual intent to contract" with respect to the billing *vel non* of non-Cableguard customers, at least not from Comcast's point of view,

Plaintiffs' implied contract claims suffer the same summary judgment fate as their express contract claims.

### E. Fraud

In Alabama, "[t]he critical elements of an action for fraud generally include:

(a)  a false representation concerning an existing material fact;

(b)  a representation which:

> (1) the defendant knew was false when made, or (2) was made recklessly and without regard to its truth or falsity, or (3) was made by telling plaintiff that defendant had knowledge that the representation was true while not having such knowledge.

(c)  reliance by the plaintiff on the representation and that plaintiff was deceived by it;

(d)  reliance which was justified under the circumstances; and

(e)  damage to the plaintiff proximately resulting from his reliance.

*First Ala. Bank v. First State Ins. Co.,* 899 F.2d 1045, 1056 (11th Cir. 1990).

Clearly, the Plaintiffs cannot prevail on their fraud cause of action inasmuch as they admit that Comcast made no representations to them regarding Cableguard. Thus, they could not have relied on representations never made.[5]

---

[5] Since Plaintiffs failed to address in their brief the propriety of summary judgment on this issue, they apparently realize that "this dog won't hunt."

Comcast is entitled to summary judgment on this claim.

### F. Fraudulent Concealment/Suppression

Under Alabama statutory law, "[s]uppression of a material fact which the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties **or** from the particular circumstances of the case." Ala. Code 1975 § 6-5-102 (emphasis added)

On their claim of fraudulent concealment, the Plaintiffs must prove that: 1) Comcast had a duty to disclose to them that even if they had not purchased Cableguard, they would not have been charged for trouble calls; 2) Comcast failed to disclose this fact, and 3) that Comcast's failure to disclose this fact caused them to suffer damages. *See Altmayer v. City of Daphne,* 613 So. 2d 366, 369 (Ala. 1993); *Gary v. Kirkland,* 514 So.2d 970 (Ala. 1987). This statute is only a codification of the common law. *Jim Short Ford Sales, Inc., v. Washington,* 384 So. 2d 83, 86 (Ala. 1980), *overruled on other grounds* by *State Farm Fire and Casualty v. Owen*, 729 So. 2d 834 (Ala. 1998).

Whether there is a duty to disclose depends on the relationship between the parties, the value of the particular fact, the relative knowledge of the parties, and other circumstances. *Davis v. Sterne, Agee and Leach, Inc.,* 965 So. 2d 1076, 1091 (Ala. 2007); *Deupree v. Butner,* 522 So. 2d 242, 245 (Ala. 1988); *RNH, Inc. v*

*Beatty,* 541 So. 2d 1039, 1042 (Ala. 1990). Where a defendant has superior knowledge of a suppressed fact and the plaintiff has been induced to take action which he might not otherwise have taken, the obligation to disclose is particularly compelling. *Baker v. Bennett,* 603 So. 2d 928, 935 (Ala. 992); *Dominick v. Dixie Nat. Life Ins. Co.,* 809 F.2d 1559, 1570 (11th Cir. 1987); *First Va. Bankshares v. Benson,* 559 F.2d 1307, 1314 (5th Cir. 1977). "Alabama courts give little attention to the designation of the relationship, such as vendor-vendee, etc., but instead look to the relative bargaining position of the parties." *Dominick*, 809 F.2d at 1570; *First Va. Bankshares*, 559 F.2d at 1314; *Jim Walter Holmes, Inc. v. Waldrop,* 448 So.2d 301, 306 (Ala. 1988), *overruled on other grounds* by *State Farm Fire and Casualty v. Owen*, 729 So. 2d 834 (Ala. 1998); *Jim Short Ford Sales*, 384 So. 2d at 87.

The existence *vel non* of a duty to disclose is a question of law. *Berkel and Co. Contractors, Inc. v. Providence Hosp.,* 454 So. 2d 496, 506 (Ala. 1984).

Based on its review of the record, and for purposes of the motion for summary judgment, the Court determines that there was a duty to disclose the fact that trouble calls would not be charged to the Plaintiffs even if they did not pay for Cableguard.

Comcast is not entitled to summary judgment on this claim.

G. Wantonness

In Alabama,

> wantonness is a conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will <u>likely</u> or <u>probably</u> result. Before a party could be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the injury.

*Salter v. Westra*, 904 F.2d 1517, 1524 (11th Cir. 1990) (emphasis added) (citations omitted).

Comcast contends that it is entitled to summary judgment on Plaintiffs' wantonness claim because they are unable to establish the requisite intent on the part of Comcast to refrain from charging non-Cableguard customers for in-home service calls. The argument is without merit. It is hornbook tort law that one intends the natural and foreseeable consequences of his or her conduct.

Therefore, summary judgment is not appropriate on the wantonness claim.

G. Theft By Deception

Although the Alabama Supreme Court mentions a civil theft by deception claim in several cases, that Court has not yet been called upon to address the viability of said claim. Therefore, it is unclear what elements might be necessary to go forward on such a claim in Alabama.

However, in a criminal case, the Alabama Supreme Court held that "reliance is an essential element of the offense of theft by deception." *Ex Parte Rosborough*, 909 So. 2d 772, 775 (Ala. 2004).

The Court has no reason to believe that, when presented with the issue, the Alabama Supreme Court would hold that reliance is not an essential element of a <u>civil</u> theft by deception cause of action.

The Court will accordingly grant summary judgment to Comcast on the theft by deception claim.

H. Conspiracy

Comcast correctly argues that Plaintiffs cannot proceed on a claim for conspiracy because a corporation cannot conspire with itself. *See, e.g.*, *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000).

Thus, Comcast is entitled to summary judgment on the conspiracy claim.[6]

I. Comcast's Affirmtive Defenses

As bars to this action, Comcast asserts the affirmative defenses of preemption, failure to exhaust, and the "filed rate" doctrine. Because the Plaintiffs have not

---

[6]Alternatively, the Plaintiffs are deemed to have abandoned their conspiracy claim by failing to address it in their brief. *See Road Sprinkler Fitters Local Union 669 v. Independent Sprinkler Corp.,* 10 F.3d 1563, 1568 (11th Cir.1994).

challenged the amount of the Cableguard fees, these defenses are nothing more than the proverbial "red herrings." They are hereby soundly rejected as such.

## CONCLUSION

For the reasons set forth above, by separate order, the Court will grant summary judgment in favor of Comcast and against the Plaintiffs on the breach of express and implied contract, fraud, theft by deception, and conspiracy claims.

Summary judgment will be denied on the Federal Declaratory Judgment Act, unjust enrichment, fraudulent concealment, and wantonness claims.

Done this 13th day of February, 2008.

_____
U.W. Clemon
United States District Judge